AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America )
v. )
~~[redacted]~~ *Matthew Tassin* N )  Case No. 19-MJ-8140-BER
)
)
)
_Defendant(s)_

FILED BY ___SP___ D.C.
APR 16 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___1/27/2019 and 4/15/2019___ in the county of ___Palm Beach___ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 2252(a)(2) & (b)(1) | Distribution of Child Pornography |
| 18 U.S.C. § 2252(a)(4)(B) & (b)(2) | Possession of Child Pornography |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Blake Crotty, Special Agent, FBI
_Printed name and title_

Sworn to before me and signed in my presence.

Date: ___04/15/2019___

_____
Judge's signature

City and state: ___West Palm Beach, Florida___   Hon. Bruce E. Reinhart, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Blake Crotty (the Affiant), been duly sworn, depose and state as follows:

1. I have been employed as a Special Agent of the FBI since 2016 and am currently assigned to Miami Division, Palm Beach County Resident Agency. While employed by the FBI, I have investigated a variety of federal criminal violations, including but not limited to; crimes against children, matters related to child pornography, sexual exploitation of minors and child pornography using facilities of interstate or foreign commerce. Moreover, I am a federal law enforcement officer engaged in enforcing criminal laws of the United States, including 18 U.S.C. §§ 2252, et seq.

2. In this capacity, I have investigated child exploitation and internet crimes against children cases. I have participated in investigations of persons suspected of violating federal child pornography laws, including Title 18, United States Code, Sections 2252 and 2252A. These investigations have included the use of surveillance techniques, undercover activities, the interviewing of subjects and witnesses, and the planning and execution of arrest, search, and seizure warrants. In the course of these investigations, I have reviewed still images and videos containing child pornography and images depicting minor children engaged in sexually explicit conduct on all forms of electronic media including computers, digital cameras, and wireless telephones, and have discussed and reviewed these materials with other law enforcement officers. I have also participated in training programs for the investigation and enforcement of federal child pornography laws relating to the use of computers for receiving, transmitting, and storing child pornography.

3. The facts set forth in this affidavit are based upon my personal knowledge, information obtained from others involved in this investigation, including other law enforcement officers, my review of documents and information gained through training and experience. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause to believe that **MATTHEW TASSIN** (hereinafter referred to as "**TASSIN**") has violated Title 18, United States Code, Section 2252(a)(2) and (b)(1) on or about January 27, 2019 (distribution of child pornography), and Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2) on or about April 15, 2019 (possession of child pornography).

4. On January 27, 2019, an Online Covert Employee ("OCE"), who is a member of the FBI Child Exploitation Task Force in Salt Lake City, Utah, was connected to the Internet in an online undercover capacity from a computer located at the FBI Office in Salt City, Utah. OCE entered a KiK user chat room. The room was predicated on users posting links to child pornography websites or host-storage facilities that allowed users to view or download child pornography.

5. KiK Messenger is a chat application for mobile devices in which users can send text messages, pictures, videos, and links pictures or videos on websites, to other users. Users can communicate directly with an individual or with multiple users in a group chat. When signing up for a KiK account, a user supplies an email address (which does not have to be verified), a unique username, and a display name that is seen when chatting with others.

6. On January 27, 2019, KiK user "Mike T" (later identified as **TASSIN**) entered the room at 7:14pm MST. Another user in the room advised "Mike T" that he would be removed from the room if he did not post material.[1] Having not posted material, "Mike T" was subsequently removed from the room. At 7:56pm MST, "Mike T" reentered the room and was given the same warning about being removed if he did not post material. "Mike T" then posted an internet hyperlink to a website called mega.nz.[2]

7. OCE maneuvered to "Mike T's" profile in KiK, which displayed the user name "Losinit2." OCE then activated the mega.nz hyperlink that "Mike T" posted in the KiK Chat room in an effort to distribute child pornography to the other users of the room. The mega.nz website opened up in a new application and displayed a main folder entitled "Cindy" and six (6) subfolders titled, "fuck," "girls," "new," "newb," "unsorted," and "vids." Except for the "vids" folder, each of the remaining five folders had files within them. Upon entering each of these folders, OCE observed many image and video files that evidenced child pornography. The titles of the files were indicative of child pornography in that many of them included the word "Pedo" or "Pedomom" in the title. Next to the title of the files was the image or a preview-image, if the file was a video. Many of the image and video files displayed prepubescent girls engaged in sexual activities including, oral sex on adult men, masturbation, and vaginal sex.

---

[1] The warning did not specify the type of material to post and the user's status, as either a user or moderator of the chat room, providing the warning is unknown

[2] The hyperlink had a longer string of numbers or letters after the "mega.nz", however, in an effort to restrict future readers of this affidavit from visiting that website, the full hyperlink is not listed.

8. KiK responded to an administrative subpoena requesting subscriber data for the account name "Losinit2." The KiK subscriber data also revealed the following information:

|  |  |
|---|---|
| FIRST NAME: | Mike |
| LAST NAME: | T |
| EMAIL: | gravityefl@gmail.com (unconfirmed) |
| USERNAME: | Losinit2 |
| Registration Date: | 2018/12/04 |
| Registration Device: | Samsung Android |

KIK also provided that on January 27, 2019 from 7:44pm MST through 8:00pm MST, the time period during which the distribution of the child pornography link occurred, this account user and account was accessed using IP address: 73.204.88.187.

9. Comcast's response to an administrative subpoena request for information regarding IP address 73.204.88.187 on January 27, 2019, revealed the following subscriber information:

|  |  |
|---|---|
| Customer Name: | Matt Tassin |
| Service Address: | 15305 89th Ave., N., Palm Beach Gardens, FL 33418 |
| Telephone Number: | (561) 693-****[3] |

Comcast provided that this IP address was assigned to this subscriber from November 26, 2018 through and including February 13, 2019.

10. Surveillance of the residence at 15305 89th Ave. North, its vehicles and persons living there from March 22, 2019 through April 7, 2019 confirmed this as TASSIN's residence. TASSIN and vehicle were seen (and the latter registered to him) at this address. TASSIN was had been observed driving his work vehicle to work and parked at this residence.

---

[3] Comcast provided the fully identified phone number.

11.     A search warrant for the 15305 89th Ave. North residence was obtained from a United States Magistrate Judge on April 11, 2019.

12.     On April 15, 2019, agents executed the search warrant at 15305 89th Ave North. Upon entering the residence, **TASSIN** was the only person home. Upon clearing the house, Agents escorted **TASSIN** to the back porch, and away from the search of the residence, where his handcuffs were taken off. Agents advised **TASSIN** that he was not detained and not under arrest. The agents advised they were executing a search warrant. **TASSIN** was asked where his cellar phone was, and he provided that both of his cellular phones were in the bedroom. Upon locating the phones, agents request **TASSIN** unlock the phone, which he did, biometrically, with his finger. The phone was provided to the on-scene CART examiner to begin examination. To prevent the phone from re-locking, **TASSIN** was asked to provide the passcode to the Android cellular phone, at which time **TASSIN** requested to know why the agents were present. **TASSIN** requested to read the search warrant and upon reading the first page, he voluntarily provided the password.

13.     **TASSIN** confirmed he used KiK for "chatting." **TASSIN** stated his user name was "Mike Ty," which he chose because of his interest in the boxer, Mike Tyson. He confirmed his other user name to be "Losinit2." **TASSIN** said that KiK was a group chatting platform. When asked if it could be used for child pornography, **TASSIN** said, "yes, it's all over it." Agents reiterated to **TASSIN** that he was not detained or under arrest, and free to leave. **TASSIN** declined to speak anymore. Agents stopped talking to **TASSIN** and returned to the CART examiner to find out the status of the recovery of child pornography on the device. The agents learned that child pornography had been recovered from the cellular phone. During this

time, **TASSIN** spoke to the law enforcement officers, spontaneously, asking questions about their uniform and job. **TASSIN** said, spontaneously, that his wife worked at a daycare and expressed that his wife did not know anything. The agents then returned to **TASSIN** and advised him of his *Miranda* warnings, which he signed. **TASSIN** started to speak with the agents.

14. A digital recorder was then turned on and the interview was recorded. **TASSIN** (37 years old) is a IT professional. He said the agents knew why they were at the residence, and **TASSIN** did as well. **TASSIN** again offered any passwords he could provide. **TASSIN** said his interest in child pornography began at age 12 using America Online (AOL) and he recently began looking at child pornography again since using the KiK application. **TASSIN** said he has been using KiK nearly daily, since October 2018. **TASSIN** admitted he also accessed KiK through his desktop computer, but typically accessed KiK via his Android cell phone. He said he acts completely anonymously on KiK or at the most that he personifies a 19-year-old who lives in Georgia.

15. **TASSIN** admitted that the child pornography videos on his devices, appear to be recordings of children who appear to be self-broadcasting themselves, performing sexual acts. **TASSIN** described most of the girls as 12 years old. He admitted that some of child pornography he possessed is younger, and that he uses these videos to trade with others.

16. **TASSIN** advised the KiK groups are free to enter. He described the groups as public or private; the latter of which you have to be invited into. **TASSIN** admitted sending links of child pornography to other users in the group. **TASSIN** said the links are from a website called Mega and/or Dropbox. He recalled the names of some of the groups he goes into and that users have to "audition" to get into private rooms by "trading" child pornography.

17. **TASSIN** said he would watch and communicate regarding child pornography in the "beer room" or "man cave" as he called it. This particular room had thousands of empty beer cans, piled several feet high, a television and desk where the computer was. He admitted this was the computer where the agents would find evidence. There was a small path leading from the door of the room to the desk. **TASSIN** admitted he is addicted to child pornography and beer. **TASSIN** said he was last on KiK the day before, having logged into his group. **TASSIN** stated that the "Losinit2" account is not the only account he uses in KiK, and that the "Losinit2" account was administratively shut down by KiK.

18. **TASSIN** denied his wife's involvement in anything he was involved in or that she had any knowledge of his interest or use of child pornography. Agents recovered multiple firearms and boxes of ammunition in the home, which **TASSIN** confirmed were his and had a lawful concealed weapons permit for.

19. An on-scene preliminary examination of the Samsung Android phone was conducted. Present on the device was the KiK application. A review of the same revealed dozens of communications **TASSIN** had with other KiK users as well as the sending and receiving of child pornography videos. Some of which included prepubescent girls engaging in masturbation, vaginal, and oral sex

20. Based upon the foregoing facts, and my training and experience, I submit that there is probable cause to believe that **MATTHEW TASSIN** violated Title 18 U.S.C. § 2252(a)(2)

and (b)(1) (distribution of child pornography), and Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2) (receipt of child pornography) on the dates provided herein.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

*[signature]*
BLAKE CROTTY
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Subscribed and sworn to before me
this __16__ day of April, 2019.

*[signature]*
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** MATTHEW TASSIN

**Case No:** 19-MJ-8140-BER

Count #: 1

Distribution of Child Pornography

Title 18, United States Code, Section 2252(a)(2) & (b)(1)

\*__Max. Penalty:__  20 Years' Imprisonment (5 year minimum mandatory), $250,000 fine, Supervised Release of 5 Years to Life, $5000 Special Assessment, $100 Assessment, Restitution


Count #: 2

Possession of Child Pornography

Title 18, United States Code, Section 2252(a)(4)(B) & (b)(2)

\*__Max. Penalty:__  20 Years' Imprisonment, $250,000 fine, Supervised Release of 5 Years to Life, $5000 Special Assessment, $100 Assessment, Restitution

  \*Refers only to possible term of incarceration, fines, special assessments, does not include possible restitution, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 19-MJ-8140-BER

### BOND RECOMMENDATION

DEFENDANT: MATTHEW TASSIN

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Gregory Schiller

Last Known Address: 15305 89TH AVE. NORTH

PALM BEACH GARDENS, FL

33418

What Facility:

Agent(s): FBI Blake Crotty
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.     19-MJ-8140-BER

UNITED STATES OF AMERICA

V.

MATTHEW TASSIN

_____/

FILED BY SP D.C.

APR 16 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?       Yes    x   No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?       Yes    x   No

Respectfully Submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   /s/ Gregory Schiller
      GREGORY SCHILLER
      Assistant United States Attorney
      Florida Bar No. 0648477
      U.S. ATTORNEY'S OFFICE - SDFL
      500 S. Australian Ave.,
      West Palm Beach, FL 33401
      (561) 209-1045
      Gregory.Schiller@usdoj.gov